CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RJJe
MAR 14 2011
JULIA C. DUDLEY, CLERK
BY: HMcDrea
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TONY HAROLD MOORE,<br>  Plaintiff, | Civil Action No. 7:11-cv-00119 |
| v. | MEMORANDUM OPINION |
| SOUTHWEST VIRGINIA REGIONAL<br>  JAIL AUTHORITY, et al.,<br>  Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Tony Harold Moore, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names the Southwest Virginia Regional Jail Authority and Captain Patricia Cauldwell as the defendants. This matter is before me for screening, pursuant to 28 U.S.C. § 1915, because plaintiff did not pay the filing fee and filed financial documents to seek leave to proceed in forma pauperis. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following information in his verified complaint. Plaintiff experienced a "violation of Constitution[al] rights, D.O.C."; "violation of due process of law, rights"; and "violations from staff mentioned here." Plaintiff requests as relief to have his rights upheld "due D.O.C. rules [and] P.H.A., AHA rules[,] regulations tightened by Jail Staff, mental, physical angu[i]sh, cruel and unusual punishment, fear, [and] retaliation. . . ." Plaintiff refers to "attached notes" to explain his claim, but nothing accompanied his form complaint.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28

U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.

2

1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff's complaint is devoid of factual allegations and merely lists various rights he believes he has with conclusory statements that these rights were violated by unknown actors. Furthermore, no "attached notes" accompanied the complaint to describe any § 1983 claim. Accordingly, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

III.

For the foregoing reasons, I grant plaintiff leave to proceed in forma pauperis and dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may refile his claims at the time of his choice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 14th day of March, 2011.

Senior United States District Judge