CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAR 1 5 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| TONY HAROLD MOORE, <br> Plaintiff, | Civil Action No. 7:11-cv-00119 |
| v. | **MEMORANDUM OPINION** |
| SOUTHWEST VIRGINIA REGIONAL <br> JAIL AUTHORITY, <u>et al.</u>, <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Tony Harold Moore, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names the Southwest Virginia Regional Jail Authority and Captain Patricia Cauldwell as the defendants. I previously dismissed this action without prejudice. This matter is before me for reconsideration, pursuant to Federal Rule of Civil Procedure 60(a). After reviewing plaintiff's submissions, I vacate the prior dismissal opinion and order and dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following information in his verified complaint. Plaintiff experienced a "violation of Constitution[al] rights, D.O.C."; "violation of due process of law, rights"; and "violations from staff mentioned here." Plaintiff requests as relief to have his rights upheld "due D.O.C. rules [and] P.H.A., AHA rules[,] regulations tightened by Jail Staff, mental, physical angu[i]sh, cruel and unusual punishment, fear, [and] retaliation. . . ." Plaintiff refers to "attached notes" to explain his claim, but nothing accompanied his form complaint.

The court received plaintiff's complaint on Friday, March 11, 2010. I drafted and signed a memorandum opinion on March 14, 2011, and sent it to the Clerk for docketing. The Clerk subsequently received in the mail and docketed plaintiff's "additional evidence" after I signed the

opinion and order but before the Clerk entered it. Plaintiff alleges in this document that he advised two transportation officers on May 27, 2010, that he should be kept away from another inmate, but the officers transported him and the other inmate to the courthouse at the same time. The other inmate called plaintiff and his mom names and threatened to beat plaintiff. On September 14, 2010, an inmate exposed his genitals to plaintiff; plaintiff reported it to an officer who did nothing about it. On September 29, 2010, an inmate was placed in a restraint chair while a lieutenant yelled at the inmate. On October 2, 2010, several floor officers yelled at plaintiff. On October 14, 2010, an officer threatened to body slam another inmate.

II.

Rule 60(a) authorizes a district court to correct a mistake arising from oversight or omission in the record. I previously dismissed this action because plaintiff failed to describe his claims in the complaint and referenced "attached notes." No notes were attached, but the Clerk received additional evidence in the time between I signed the order and the Clerk docketed the additional evidence. Based on this oversight of the record, I vacate the prior opinion and order and consider the complaint in light of the additional evidence. However, the complaint will still be dismissed without prejudice for plaintiff's failure to state a claim upon which relief may be granted.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless."

Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff's complaint fails to link any of the defendants to the complained of acts. Furthermore, plaintiff fails to allege any injury from sharing transportation to the courthouse with the other inmate. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987). Moreover, even if a defendant makes comments that may constitute verbal abuse or harassment, those comments alone do not rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim). Verbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A [§]1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."). Finally, plaintiff does not have standing to challenge officers' conduct toward other inmates. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61(1992) (holding that standing requires injury, causation, and redressability); Marshall v. Meadows, 105 F.3d 904, 906 (4th Cir. 1997) (same). Accordingly, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

III.

For the foregoing reasons, I vacate the March 14, 2011, opinion and order, grant plaintiff leave to proceed in forma pauperis, and dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may refile his claims at the time of his choice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 15th day of March, 2011.

                                                  Senior United States District Judge